UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX C. PEREZ,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGINA PUENTES, Acting Warden,<br><br>    Respondent. | No. 1:19-cv-00224-JLT (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

On February 15, 2019, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) The petition and attached documents indicate that Petitioner is serving a 180-month sentence imposed by the United States District Court for the Central District of California on December 11, 2006. (Doc. 1 at 1.) His projected release date after crediting his sentence with Good Conduct Time ("GCT") is May 14, 2019. (Doc. 1 at 4, 6.) Petitioner complains that the Bureau of Prisons ("BOP") has failed to immediately recalculate his sentence and correct his award of GCT credit according to the First Step Act of 2018, S. 756, 115th Cong. (2018). For reasons discussed below, the Court recommends that the petition be SUMMARILY DISMISSED.

**DISCUSSION**

**A.    Preliminary Review of Petition**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

1

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Accordingly, the Court should exercise its authority under Rule 4 and dismiss the petition.

**B.      Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

Petitioner alleges that the BOP has failed to calculate his sentence properly in light of the recently enacted First Step Act of 2018. Petitioner is challenging the execution of his sentence rather than its imposition; therefore, the claims are proper under 28 U.S.C. § 2241. In addition, because Petitioner is incarcerated at the Taft Correctional Institution ("TCI") in Taft, California, and TCI lies within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed.

**C.      Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v.

2

Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

According to the petition and attached documents, it appears Petitioner has submitted either an informal or formal request for resolution with management at TCI. (Doc. 1 at 5.) The Warden denied the request and stated that a release date has not yet been updated for the new provisions of the First Step Act. It does not appear that Petitioner has sought relief at the intermediate level which would have required filing a BP-10, or at the third level of review which would have required filing a BP-11. Thus, the claims have not been administratively exhausted and the petition should be dismissed for lack of exhaustion.

**D.     Good Conduct Time Credits**

The gravamen of Petitioner's claim is that the First Step Act of 2018 has modified the manner in which the 54 days per year of GCT is computed according to 18 U.S.C. § 3624(b). He contends that the First Step Act amended the statute so that an inmate would receive a full 54 days of GCT per year rather than 47 days under the previous formula. Petitioner is correct that

Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, but this provision has not yet taken effect.  Per Section 102(b)(2) of the Act, the amendments made in subsection 102(b) of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July of 2019.  For this reason, Petitioner's claim that the BOP must immediately recalculate sentence pursuant to the First Step Act is meritless.

**ORDER**

The Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court **RECOMMENDS** that the petition for writ of habeas corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to any objections are due within ten court days of the date of filing of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 28, 2019**            **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

4